IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON LAMAR CAPRICE DAVIS, ) | CASE NO. 1:20 CV 1227 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| WARDEN ED SHELDON, ) | |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Brandon Lamar Caprice Davis filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Davis is serving a thirty-six month sentence imposed in November 2019 by the Richland County Court of Common Pleas for failing to register as a sexual offender and provide notice of his address. He contends he was not required to register. He indicates the appeal of this conviction is still pending in the Ohio Fifth District Court of Appeals. For the reasons stated below, this Petition is dismissed without prejudice for failure to exhaust state court remedies prior to filing this habeas action.

For a writ of habeas corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation. At issue here is the exhaustion requirement.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). To be properly exhausted, each claim must have been "fairly presented" to the state courts, meaning the state courts must be given the opportunity to see both the factual and legal basis for each claim. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). *See Coleman*, 501 U.S. at 735.

Petitioner acknowledges that his direct appeal is still pending in the Ohio Court of Appeals. He has not exhausted his state court remedies. Moreover, he does evade the exhaustion requirement by filing the Petition under 28 U.S.C. § 2241 rather than § 2254. When a state prisoner files a habeas petition to challenge a state conviction or sentence, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. This makes § 2254 the exclusive vehicle for prisoners in state custody who wish to challenge a state conviction or sentence. *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001).

Accordingly, the Petition for a Writ of Habeas Corpus is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                        /s/ Donald C. Nugent
                                        DONALD C. NUGENT
                                        UNITED STATES DISTRICT JUDGE

Dated: October 23, 2020